# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

ANTOINE RONIER HENDRICKS         *

Plaintiff                                           *

v                                                   *        Civil Action No. ELH-19-1674

TAKIRAH COOK,                         *
JOHN S. NUGENT,
MARILYN BENTLEY,                   *

Defendants                                    *

\*\*\*

## MEMORANDUM

On June 6, 2019, Antoine Hendricks, who is self represented, paid the filing fee and filed suit against defendants Takirah Cook, Judge John Nugent, and Marilyn Bentley. ECF 1. Then, on June 25, 2019, he filed an Amended Complaint. ECF 2.

Plaintiff's claims appear to arise from a paternity suit filed against him by Ms. Cook in the Circuit Court for Baltimore City,[1] *Cook v. Hendricks*, Case 24P15001060 (Cir. Ct. Balt. City), over which Judge Nugent presided. *Id.* Marilyn Bentley is the Clerk of Court for the Circuit Court for Baltimore City. ECF 1 at 6.

Hendricks claims that Cook disclosed private information to Bentley, including his social security number, and Bentley conspired with Cook to deprive him of due process. ECF 1 at 6; ECF 2 at 5. Hendricks faults Judge Nugent for "forcing the order" against him, despite Hendricks' repeated assertions that he did not "consent and was afraid for his life." ECF 1 at 6. Hendricks alleges that he is "suffering from outstanding money damage" because his monthly payments increased from $433.00 to $1033.00, he cannot pay his bills, and he must go to therapy. ECF 1 at

---

[1] *See* http://casesearch.courts.state.md.us/casesearch/inquiry (viewed July 3, 2019).

7; ECF 2 at 2. As relief, he seeks return of his money, $75,000.00, and compensation for "fraud, mistake in fact, and duress." ECF 1 at 6, 7; ECF 2 at 4.

Although a complaint need not contain detailed allegations, the facts alleged must be enough to raise a right to relief above the speculative level and require "more than labels and conclusions," as "'courts are not bound to accept as true a legal conclusion couched as a factual allegation.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Id*. at 570. .

Under Fed. R. Civ. P. 8(a), a complaint shall contain:

(1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;

(2) a short and plain statement of the claim showing that the pleader is entitled to relief; and

(3) a demand for the relief sought.

Each "allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). "Threadbare recitals of the elements of a cause of action, supported by mere statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555).

Hendricks asserts violations of his rights under the Fourth and Fifth amendments to the Constitution. ECF 2 at 2. He alleges that he was "forced into a [sic] unconscionability [sic] contract." ECF 1 at 6. He premises his claims against defendants on two criminal statutes: 18 U.S.C. §242 (deprivation of rights under color of law) and 18 U.S.C. §241 (conspiracy against civil rights). ECF 1 at. 4.

As a private citizen, Hendricks does not have standing to bring criminal charges against another; that is the role of the prosecution. *See Linda R.S. v. Richard D*., 410 U.S. 614, 619 (1973) (stating private individuals have no constitutional or other right to a criminal investigation, nor any

judicially cognizable interest in the prosecution or non-prosecution of another). Moreover, the allegations in a complaint must "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Swierkiewicz v. Sorema N. A*., 534 U.S. 506, 512 (2002) (internal quotation marks omitted). However, the Complaint does not comply with federal pleading requirements. Instead of a concise statement of facts as to the underlying cause of action, the Complaint is filled with legal statements and conclusions.

Nevertheless, Hendricks asserts rights under the Fourth and Fifth Amendments, and alleges that his rights to due process were violated. Therefore, he will be permitted to supplement his suit by providing additional facts to support his claims. ECF 1 at 6; ECF 2 at 1, 2.

Hendricks should note that, in order to bring a claim of a constitutional violation, he must show that defendants acted "under the color of state law." 42 U.S.C. §1983 ("Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory ... subjects, or causes to be subjected, any citizen of the United States or other person with the jurisdiction thereof to the deprivation of any rights, privileges or immunities secured by the Constitution and laws, shall be liable to the party injured...,"). In this regard, I note that the Complaint provides no facts suggesting that Ms. Cook acted under color of state law.

Hendricks should also note that the claims and facts alleged against Judge Nugent and Marilyn Bentley, the Clerk of Court, will be reviewed in light of the doctrine of judicial immunity. The doctrine of judicial immunity reaches claims brought against a judge for acts undertaken in his official or individual capacity. *Mireles v. Waco*, 502 U.S. 9, 9-10 (1991) (per curiam); *Forrester v. White*, 484 U.S. 219, 226-27 (1988). Judicial immunity applies even where a judge has committed "grave procedural errors." *Stump v. Sparkman,* 435 U.S. 349, 359 (1978). Indeed, "[t]his immunity applies even when the judge is accused of acting maliciously and corruptly, and

it "is not for the protection or benefit of a malicious or corrupt judge, but for the benefit of the public, whose interest it is that the judges should be at liberty to exercise their functions with independence and without fear of consequences." *Pierson v. Ray*, 386 U.S. 547, 553-54 (1967). Moreover, "[c]ourt clerks enjoy derivative absolute judicial immunity when they act in obedience to a judicial order or under the court's direction." *Hamilton v. Murray*, 648 F. App'x 344, 344-45 (4th Cir. 2016), *cert. denied*, ___ U.S. ___, 137 S. Ct. 1225 (2017); *see McCray v. Maryland*, 456 F.2d 1, 5 (4th Cir. 1972).

Accordingly, by July 29, 2019, Hendricks shall supplement his Complaint to provide brief, concise, and clear factual allegations in compliance with Fed. R. Civ. P. 8(a).

An Order follows.


Date: July 8, 2019                                     /s/
                                                Ellen L. Hollander
                                                United States District Judge